5

United States District Court
Southern District of Texas
FILED

NOV 0 3 2000

Michael N. Milby
Clerk of Court

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

ARMANDO QUEZADA HERNANDEZ    *

              *

VS.              *   CIVIL ACTION NO. B-00-103

              *

CHASE BANK OF TEXAS, N.A. and the   *

Estate of JACINTA HERNANDEZ DE    *

QUEZADA            *


## JOINT DISCOVERY/CASE MANAGEMENT PLAN

TO THE HONORABLE UNITED STATES DISTRICT COURT JUDGE:

    Plaintiff Armando Quezada Hernandez and Defendant Chase Bank of Texas, N.A.

file this Joint Discovery/Case Management Plan and show the Court as follows:


**1.**   **State where and when the meeting of the parties required by Rule 26(f) was held, and identify the counsel who attended for each party.**

RESPONSE:

    The meeting of the parties required by Rule 26(f) was held October 31, 2000 and was attended by Richard S. Hoffman, Attorney for Plaintiff, and Marjory C. Batsell of Rodriguez, Colvin & Chaney, L.L.P., Attorneys for Defendant Chase Bank of Texas, N.A.


**2.**   **List the cases related to this one that are pending in any state or federal court, with the case number and court.**

RESPONSE:

    The parties are not aware of any pending cases related to this one.


**3.**   **Briefly describe what this case is about.**

RESPONSE:

    Plaintiff alleges that Defendant improperly distributed funds belonging to Jacinta Hernandez de Quezada, deceased.

**4.      Specify the allegation of federal jurisdiction.**

RESPONSE:

This Court has jurisdiction of this case by virtue of the provisions of 12 U.S.C. §632 which provides that the district courts of the United States have original jurisdiction over transactions which involve international or foreign banking.

**5.      Name the parties who disagree and the reasons.**

RESPONSE:

No one disagrees that there is federal jurisdiction.

**6.      List anticipated additional parties that should be included, when they can be added, and by whom they are wanted.**

RESPONSE:

The parties are not aware of any anticipated additional parties at this time.

**7.      List anticipated interventions.**

RESPONSE:

The parties are not aware of any anticipated interventions at this time.

**8.      Describe class-action issues.**

RESPONSE:

There are no class-action issues.

**9.      State whether each party represents that it has made the initial disclosures required by Rule 26(a).   If not, describe the arrangements that have been made to complete the disclosures.**

RESPONSE:

The parties have agreed to make initial disclosures through Interrogatories and Requests for Production, as set forth below.

**10.     Describe the proposed agreed discovery plan, including:**

**A.     Responses to all the matters raised in Rule 26(f).**

No such issues were raised by the parties.

**B.     When and to whom the plaintiff anticipates it may send interrogatories.**

Plaintiff anticipates it will send interrogatories to Defendant within thirty days of the Initial Pretrial and Scheduling Conference.

**C.     When and to whom the defendant anticipates it may send interrogatories.**

Defendant anticipates it will send interrogatories to Plaintiff within thirty days of the Initial Pretrial and Scheduling Conference.

**D.     Of whom and by when the plaintiff anticipates taking oral depositions.**

At this time, Plaintiff anticipates deposing any witnesses to the incident in question, any expert witnesses designated by Defendant, and any individuals identified by Defendant as having knowledge of relevant facts. Plaintiff anticipates that the depositions will be completed by May 1, 2001.

**E.     Of whom and by when the defendant anticipates taking oral depositions.**

At this time, Defendant anticipates deposing Plaintiff, any witnesses to the incident in question, any expert witnesses designated by Plaintiff, and any individuals identified by Plaintiff as having knowledge of relevant facts. Defendant anticipates that the depositions will be completed by May 1, 2001.

**F.     When the plaintiff (or the party with the burden of proof on an issue) will be able to designate experts and provide the reports required by Rule 26(a)(2)(B), and when the opposing party will be able to designate responsive experts and provide their reports.**

Plaintiff can designate experts by January 15, 2001. Defendant can designate experts by February 28, 2001.

**G.     List expert depositions the plaintiff (or the party with the burden of proof on an issue) anticipates taking and their anticipated completion date. See Rule 26(a)(2)(B) (expert report).**

Plaintiff anticipates taking the deposition of any expert designated by Defendant by May 1, 2001.

H.   List expert depositions the opposing party anticipates taking and their anticipated completion date.  See Rule 26(a)(2)(B) (expert report).

Defendant anticipates deposing those experts designated by Plaintiff by May 1, 2001.

11.   **If the parties are not agreed on a part of the discovery plan, describe the separate views and proposals of each party.**

RESPONSE:

The parties are in agreement.

12.   **Specify the discovery beyond initial disclosures that has been undertaken to-date.**

RESPONSE:

No discovery beyond initial disclosures has been undertaken to-date.

13.   **State the date the planned discovery can reasonably be completed.**

RESPONSE:

The discovery can be reasonably completed by May 15, 2001.

14.   **Describe the possibilities for a prompt settlement or resolution of the case that were discussed in your Rule 26(f) meeting.**

RESPONSE:

The parties have discussed mediating this case after adequate discovery has been conducted.

15.   **Describe what each party has done or agreed to do to bring about a prompt resolution.**

RESPONSE:

The parties have discussed mediating this case after adequate discovery has been conducted and have conducted some informal discovery.

16. **From the attorneys' discussion with the client, state the alternative dispute resolution techniques that are reasonably suitable.**

RESPONSE:

The parties have discussed mediating this case after adequate discovery has been conducted.

17. **Magistrate judges may now hear jury and non-jury trials. Indicate the parties' joint position on a trial before a magistrate judge.**

RESPONSE:

The parties have not agreed to proceed before the Magistrate.

18. **State whether a jury demand has been made and if it was made on time.**

RESPONSE:

A jury demand was timely made.

19. **Specify the number of hours it will take to present the evidence in this case.**

RESPONSE:

The parties estimate that it will take twelve hours. However, the parties may adjust this estimate after completion of discovery.

20. **List pending motions that could be ruled on at the initial pretrial and scheduling conference.**

RESPONSE:

There are no pending motions.

21. **List other motions pending.**

RESPONSE:

There are no pending motions.

22. **Indicate other matters peculiar to this case, including discovery, that deserve the special attention of the court at the conference.**

23.   Certify that all parties have filed Disclosure of Interested Parties as directed
in the Order in the Order for Conference and Disclosure of Interested Parties,
listing the date of filing for original and any amendments.

Plaintiff filed his Disclosure of Interested Parties on July 31, 2000

Defendant Chase Bank of Texas, N.A. filed its Disclosure of Interested Parties on
July 26, 2000.

24.   List the names, bar numbers, addresses, and telephone numbers of all counsel.

**Attorneys for Plaintiff Armando Quezada Hernandez:**

Richard S. Hoffman
State Bar No. 09787200
Federal Admissions No. _6147_
1718 Boca Chica Boulevard
Brownsville, Texas 78520
Phone: (956) 544-2345
Fax: (956) 982-1909

**Attorneys for Defendant Chase Bank of Texas, N.A.:**

Norton A. Colvin, Jr.
State Bar No. 04632100
Federal Admissions No. 1944
Marjory C. Batsell
State Bar No. 04631400
Federal Admissions No. 3983
Rodriguez, Colvin & Chaney, L.L.P.
Post Office Box 2155
Brownsville, Texas 78522
Phone: (956) 542-7441
Fax: (956) 541-2170

Respectfully submitted,

_____
Richard S. Hoffman
State Bar No. 09787200
Federal Admissions No. _6147_
1718 Boca Chica Boulevard
Brownsville, Texas 78520
(956) 544-2345
Fax (956) 982-1909
ATTORNEY FOR PLAINTIFF

RODRIGUEZ, COLVIN & CHANEY, L.L.P.

By: _Norton A Colvin_

    Norton A. Colvin, Jr. *of permission MCBatsell*

Attorney-in-Charge
State Bar No. 04632100
Federal Admissions No. 1941
    Marjory C. Batsell
State Bar No. 04631400
Federal Admissions No. 3983
1201 East Van Buren
Post Office Box 2155
Brownsville, Texas 78522
(956) 542-7441
Fax (956) 541-2170

ATTORNEYS FOR DEFENDANT,
CHASE BANK OF TEXAS, N.A.